**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

DEMETTRESS ARLENE BURNETT,    Case No. 1:11-cv-324

    Plaintiff,    Spiegel, J.
                                               Bowman, M.J.

    v.

CARINGTON HEALTH SYSTEMS,

    Defendant.

**REPORT AND RECOMMENDATION**

This matter is before the Court on plaintiff's motion for leave to proceed *in forma pauperis* on appeal pursuant to 28 U.S.C. § 1915. (Doc. 44).

Pursuant to 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." *See also* Fed. R. App. P. 24(a). Good faith in this context is demonstrated when the party seeks appellate review of an issue that is not frivolous. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). An appeal is frivolous where the appeal lacks an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

On November 30, 2012, the undersigned magistrate judge recommended that the Defendant's motion for summary judgment be granted in full, and that Plaintiff's complaint be dismissed with prejudice. (Doc. 40). Plaintiff was advised in that Report and Recommendation ("R&R") that she could file specific, written objections within fourteen (14) days, which would be reviewed by the presiding district court judge along

1

with the R&R.  However, in lieu of filing any timely objections, Plaintiff chose to file a notice of interlocutory appeal (Doc. 43).  Plaintiff also filed a motion seeking leave to appeal in forma pauperis.

The previously filed R&R remains pending before the District Court for adoption, rejection, or modification.  As such, any attempted appeal of the R&R directly to the Sixth Circuit Court of Appeals would be interlocutory and without any jurisdictional basis.  *See United States v. Forty-One Thousand Nine Hundred Eighty Dollars*, 872 F.2d 1029 (6th Cir. April 17, 1989)(Table, text available on Westlaw, noting limits of appellate jurisdiction).  To that extent, an appeal of the still-pending R&R lacks any legal basis, is frivolous, and is not taken in good faith.  For this reason, plaintiff's motion for leave to proceed *in forma pauperis* on appeal (Doc. 44) should be **DENIED**.

Pursuant to Fed. R. App. P. 24(a)(4), plaintiff may file, within thirty (30) days after service of denial of a motion to appeal in forma pauperis in the District Court, a motion with the Sixth Circuit Court of Appeals for leave to proceed as a pauper on appeal.  *Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), *overruling in part Floyd v. United States Postal Service*, 105 F.3d 274 (6th Cir. 1997).  Plaintiff's motion must include a copy of the affidavit filed in the District Court and this Court's statement as to the reasons for denying pauper status on appeal.  *Id.*; see Fed. R. App. P. 24(a)(5).

In the event that the District Court adopts this R&R and denies Plaintiff leave to appeal in forma pauperis, then Plaintiff is notified that if she does not file a motion within thirty (30) days of receiving notice of the District Court's decision as required by Fed. R. App. P. 24(a)(5), or fails to pay the required filing fee of $455.00 within this same time period, the appeal will be dismissed for want of prosecution. *Callihan*, 178 F.3d at 804.

Once dismissed for want of prosecution, the appeal will not be reinstated, even if the filing fee or motion for pauper status is subsequently tendered, unless plaintiff can demonstrate that she did not receive notice of the District Court's decision within the time period prescribed for by Fed. R. App. P. 24(a)(5).  *Id.*

Accordingly**, IT IS RECOMMENDED THAT** Plaintiff's motion for leave to proceed in forma pauperis on appeal (Doc. 44) be **DENIED**.

*s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

DEMETTRESS ARLENE BURNETT,  Case No. 1:11-cv-324

Plaintiff,  Spiegel, J.
 Bowman, M.J.

v.

CARINGTON HEALTH SYSTEMS,

Defendant.

## NOTICE

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).